UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
)
JANITO DECARVALHO,                       )
                                         )
                Petitioner,              )
                                         )
        v.                               )    CIVIL ACTION
                                         )    NO. 21-10060-WGY
STEVEN J. SOUZA,                         )
Superintendent of Bristol County         )
House of Correction,                     )
                                         )
                Respondent.              )
                                         )
```

YOUNG, D.J.                                                May 12, 2021

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

The question before this Court is whether a detainee's removal is "reasonably foreseeable" when his pending appeal before the First Circuit almost certainly will result in a remand to the Board of Immigration Appeals.  In the limited circumstances at bar, this Court finds and rule that Petitioner Janito DeCarvalho will be removed in the reasonably foreseeable future because he remains practically deportable at this time. See generally Zadvydas v. Davis, 533 U.S. 678 (2001).

**II.  BACKGROUND**

    **A.  Procedural History**

On November 4, 2019, ICE Officers arrested DeCarvalho, and the Department of Homeland Security initiated removal proceedings.  Pet. Writ Habeas Corpus ("Pet.") ¶ 19, ECF No. 1.  On January 2, 2020, a hearing officer denied DeCarvalho's application for protection under the United Nations Convention Against Torture ("U.N. Convention").  Id. ¶ 20.  The hearing officer "refused to allow . . . DeCarvalho to apply for withholding of removal, finding him ineligible for withholding based on former Attorney General John Ashcroft's decision in Matter of Y-L-, A-G-, R-S-R-, 23 I & N Dec. 270 (AG 2002) ("Matter of Y-L"), which held that drug trafficking offenses are particularly serious crimes that bar eligibility for withholding of removal unless the individual can overcome the presumption by meeting a stringent, six-criteria test."[1]  Id.

This decision is significant because after the Board of Immigration Appeals upheld the hearing officer's decision, DeCarvalho filed a petition of review in the First Circuit.  Id. ¶ 23; see generally Opening Brief, DeCarvalho v. Rosen, No. 20-1711 (1st Cir. Oct. 13, 2020), Doc. 117654788.  His appeal

---

[1] Despite the hearing officer finding DeCarvalho to be credible, he ruled against DeCarvalho's application for U.N. Convention protection.  Pet. ¶ 5.

[2]

challenges the legality of Matter of Y-L- and the denial of his application for U.N. Convention protection both because the Board of Immigration Appeals applied the wrong standard of review and because the denial was not supported by substantial evidence.  Id. ¶ 24.  The Department of Justice, acknowledging that the Board of Immigration Appeals erred, moved to remand the matter to allow the Board to apply Matter of Y-L- properly and analyze whether DeCarvalho's conviction is a particularly serious crime.  Id. ¶ 25.  The First Circuit declined to remand the matter because DeCarvalho's appeal challenges both the standard applied and the legality of the standard.  Id.

Although the matter was fully briefed on January 11, 2021, the First Circuit has not indicated whether it will schedule oral argument.  Id.  With the Department of Justice acknowledging that the Immigration Board of Appeals applied the wrong standard, any decision by the First Circuit almost certainly will require the matter to be reheard.  Id. ¶ 26. Accordingly, the government has yet to schedule DeCarvalho's removal.  Id. ¶ 17.

In May 2020, after the hearing officer made his decision but before DeCarvalho's appeal, DeCarvalho filed a petition for writ of habeas corpus under Reid v. Donelan, which Judge Saris denied without prejudice because DeCarvalho had not been detained for a year.  390 F. Supp. 3d 201 (D. Mass. 2019);

[3]

DeCarvalho v. Sousa, No. 1:20-cv-11036-PBS, at 6-8 (D. Mass June 29, 2020).

In November 2020, this Court denied DeCarvalho's request for release under Savino v. Souza.  No. 1:20 cv-10617-WGY, at 5-6 (D. Mass Apr. 10, 2020).  This Court reasoned that there had been a "dramatic reduction in the number of detainees presently being held" at the Bristol County House of Correction.  Order, Savino v. Souza, No. 1:20 cv-10617-WGY (D. Mass. Dec. 18, 2020).

On January 12, 2021, DeCarvalho filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Pet. Respondent Steven Souza moved to dismiss the petition on February 3, 2021.  Mot. Dismiss, ECF No. 8; Mot. Dismiss Mem., ECF No. 9; see generally Opp'n, ECF No. 13.  On April 1, 2021, this Court denied the motion to dismiss, Electronic Clerk's Notes (Apr. 1, 2021), and held a show-cause hearing on April 15, 2021 for Souza to show that DeCarvalho's removal is reasonably foreseeable, Electronic Clerk's Notes (Apr. 15, 2021).

**B.  Facts**

DeCarvalho, a forty-one-year-old citizen of Cape Verde, has been held by ICE in immigration detention for the past sixteen months.  Decl. Supervisory Detention Deportation Officer Yolanda Marfissi ¶¶ 11, 21, ECF No. 9-1.  He has a criminal history. Id. ¶¶ 6-7.  The Cape Verde government verified DeCarvalho's nationality in September of 2020, and ICE resumed removals to

[4]

Cape Verde in November of 2020.  Id. ¶ 21.  DeCarvalho had been scheduled for removal on manifests to Cape Verde and subsequently removed from the manifests pending the review of his appeal before the First Circuit.  Id.

**III. ANALYSIS**

Souza argues that DeCarvalho's removal remains reasonably foreseeable because the prerequisites for removal (i.e., verification of nationality, scheduled removals to Cape Verde, inclusion on manifests thereto) are complete.  DeCarvalho argues that removal is not reasonably foreseeable because his appeal before the First Circuit almost certainly will return to the Board of Immigration Appeals because, notwithstanding his other substantive challenges, all parties agree that the Board applied the wrong standard of review.  Souza's argument is meritorious, and this Court accordingly finds and rules that he met his burden at the show-cause hearing.

    **A.**    **Standard of Review**

Chapter 28, section 2243 of the United States Code provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243.  The authority through which the petitioner is detained dictates the parameters of their lawful detention and whether he or she is entitled to relief.  Under chapter 8, section 1231 of the United States Code, once an unlawfully present "alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  If, after 90 days, the government has not removed the detainee, section 1231(a)(6) allows the government to continue its detention "for a period <u>reasonably necessary</u> to secure the alien's removal."  <u>Zadvydas</u>, 533 U.S. at 682 (emphasis added).  What qualifies as a period reasonably necessary, or rather, what qualifies as a period <u>un</u>reasonably necessary, has less to do with the detention's duration and more to do with the practicality of deportation.  <u>See</u> <u>id.</u> at 689-92, 699-700.

> In answering that basic question, the <u>habeas</u> court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, <u>assuring the alien's presence at the moment of removal</u>. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

<u>Id.</u> at 699–700 (emphasis added).

    **B.    DeCarvalho's Removal Is "Reasonably Foreseeable"**

DeCarvalho argues that he is entitled to the writ because there is no significant likelihood of removal in the reasonably

[6]

foreseeable future and section 1231(a) only authorizes detention beyond the removal period for the purpose of effective removal. See Pet. ¶¶ 34-49; Zadvydas, 533 U.S. at 699-700; 8 U.S.C. § 1231(a).  At the hearing, Souza presented evidence that the prerequisites for removal are complete and that ICE intends to remove DeCarvalho after his appeal.  Decl. Supervisory Detention Deportation Officer Yolanda Marfissi ¶¶ 11, 21.[2]

Because foreseeability of deportation is a function of whether a deportation is practicable, see Zadvydas, 533 U.S. at 699-700, Souza has demonstrated that DeCarvalho's removal is reasonably foreseeable by demonstrating its present practicality.  Therefore, on the present facts, this Court finds and rules that DeCarvalho's removal is reasonably foreseeable. This order, however, does not preclude a future challenge by DeCarvalho if the First Circuit rules in his favor, at which point it would be appropriate for him to file another petition

---

[2] Souza attached the same evidence proffered at the show-cause hearing to his motion to dismiss.  See generally Mot. Dismiss.  At that time, this Court did not consider Souza's attached evidence because to do so would have collapsed the motion to dismiss with a show-cause hearing, which itself is a remedy.  See 28 U.S.C. § 2243.  To do so would be inappropriate because "Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply 'to the extent that they are not inconsistent with [habeas] rules.'"  Banks v. Dretke, 540 U.S. 668, 687 n.8 (2004).

[7]

for writ of habeas corpus and for a court to consider those changed circumstances.

## IV.  CONCLUSION

For the foregoing reasons, this Court DENIES DeCarvalho's petition, ECF No. 1.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE